■ MICHAEL R. LISSACK, Appellant, v SMITH BARNEY, INC., Respondent. [648 NYS2d 611] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered March 14, 1996, which denied petitioner's motion pursuant to CPLR 2308 (b) for an order compelling respondent Smith Barney to comply with a subpoena duces tecum issued in connection with an

arbitration proceeding, and denied petitioner's motion to stay arbitration of Count 1 of respondent's counterclaims except as to a claim concerning dissemination of a complaint in a Federal action, unanimously affirmed, without costs.

Since the New York Stock Exchange arbitration rules cited in the record do not provide a specific mechanism for enforcing compliance with subpoenas, petitioner would not necessarily have been precluded from seeking a judicial order compelling compliance (CPLR 2308 [b]; *Matter of Cotter v Shearson Lehman Hutton*, 145 Misc 2d 235, 236-237). Here, however, petitioner waived any such recourse to court involvement, since he elected in the first instance to utilize the arbitration proceedings to compel disclosure of documents sought in his subpoena (*supra*).

The IAS Court properly also concluded that Smith Barney's counterclaim for tortious interference with business relationships is arbitrable since, as the court noted, resolution of the counterclaim "will necessarily entail resolution of the truth of [petitioner's] whistle-blower claim". Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.